**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GILBERT LAVON SWAGGER JR.,** § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Case No. 1:20-cv-01206 | |
| § | **Jury Trial Demanded** | |
| § | | |
| **MACK TRUCKS, INC.,** § | | |
| Defendant. § | | |
| § | | |

### Plaintiff's Original Complaint

Plaintiff, Gilbert Lavon Swagger Jr. ("Plaintiff"), for his Original Complaint against Defendant, Mack Trucks, Inc. ("Defendant"), makes the following allegations:

### I.    Parties, Jurisdiction, and Venue

1. Plaintiff is a resident and citizen of Grapeland, Texas.

2. Defendant is a Pennsylvania Corporation with its principal place of business in Greensboro, North Carolina.

3. Defendant is subject to personal jurisdiction in Texas. Defendant is authorized to conduct business in Texas, has conducted substantial and continuing business in Texas, and has derived substantial profits from Texas. Defendant may be served through its registered agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

1

5.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II.	Facts

6.	On or about January 24th, 2020 at approximately 11:20 pm, Plaintiff was driving a 2013 Mack 600 18-wheeler truck, VIN 1M1AW09Y7DM029747 (the "Subject Vehicle").

7.	The Subject Vehicle was traveling eastbound on SH 21 in Lee County, Texas. Plaintiff had to unexpectedly maneuver the Subject Vehicle to the right to avoid an oncoming vehicle that had invaded the lane in which the Subject Vehicle was traveling causing the Subject Vehicle to travel off the roadway into the north bar ditch. The Subject Vehicle then struck a culvert and rolled over. The Subject Vehicle came to rest facing southeast.

8.	During the rollover, the cab of vehicle collapsed, causing Plaintiff to suffer extensive injuries to the neck, head, chest, and shoulder.

9.	 Defendant designed, engineered manufactured, and marketed the Subject Vehicle, and placed it into the stream of commerce, where it reached the consumer in substantially the same condition as when it left the control of the Defendant. At the time incident forming the basis of this litigation (the "Incident") the Subject Vehicle had not been materially altered, modified or damaged, and it was being used as intended and in a manner reasonably foreseeable by Defendant.

10. At the time the Subject Vehicle was sold new, it was defective in its design, rendering it unfit, unsafe, and unreasonably dangerous when used as intended.

11. On information belief, Defendant was or should have been aware that there was an elevated risk (relative to passenger automobiles) that the Subject Vehicle would be involved in a rollover. Also on information and belief, Defendant was or should have been aware that, as designed, engineered, and manufactured, the cab of the Subject Vehicle would not offer any protection to the driver in the event of a rollover. The danger posed by the defective and unreasonably dangerous condition of the Subject Vehicle was known or should have been known by Defendant.

12. Alternative feasible designs existed that would not impair the Subject Vehicle's usefulness or desirability.

13. Further, the alternative feasible designs would have prevented the harm suffered by Plaintiff.

14. As a direct and proximate result of Defendant's conduct, acts, and omissions, Plaintiff suffered extensive injuries to the head, neck, shoulder, and chest which required substantial medical and hospital expenses to be incurred. Additionally, these injuries have caused Plaintiff to endure physical pain, impairment, and disfigurement as well as mental anguish and loss of earning capacity.

### III.   **Count I – Negligence and Gross Negligence**

15. Plaintiff incorporates the above allegations as if fully set forth herein.

16. At all times relevant to the Complaint, Defendant owed to the general public, including Plaintiff, a duty to design, manufacture, and market only such vehicles as were not defective and unreasonably dangerous to use.

17. Defendant breached its duty to Plaintiff by designing, engineering, manufacturing, and marketing the 2013 Mack 600 18-wheeler truck, including the Subject Vehicle, in a defective and unreasonably dangerous condition, in that the Subject Vehicle's structural system was defective and unreasonably dangerous as set forth above. Additionally, the Subject Vehicle was not crashworthy and lacked available technologically feasible safety features and alternative designs as set forth above.

18. The Subject Vehicle was dangerously defective and unsafe for its normal and foreseeable use by and in the presence of the public because of its unsafe manufacture and design.

19. Defendant failed to exercise reasonable care in the manufacture and design of the Subject Vehicle.

20. Defendant failed to adequately inspect and/or test the 2013 Mack 600 18-wheeler truck, including the Subject Vehicle, before and during the design, production and sale of the vehicle to the public and placed the defective and unreasonably dangerous vehicle in the stream of commerce.

21. Defendant negligently, recklessly, and/or knowingly sold the 2013 Mack 600 18-wheeler truck, including the Subject Vehicle, without technologically available

safety features, despite being fully aware of the important safety benefits provided by such systems.

22. Defendant negligently, recklessly, and/or knowingly failed to warn the potential dangers posed to consumers and the public by the use of the Subject Vehicle.

23. Defendant's negligent acts included, but are not limited to, the following acts and/or omissions:

   a. Negligently designing and manufacturing the vehicle from an occupant protection and occupant containment standpoint including negligently designing and manufacturing cab structure, body joints, roof, pillars, and driver side structural support;

   b. Failing to disclose known problems and defects;

   c. Failing to comply with the standards of care applicable in the heavy trucking industry insofar as providing reasonable occupant protection and occupant containment in a rollover;

   d. Failing to notify consumers, as required by law, that a defect existed in the vehicle that related to public safety;

   e. Negligent design and manufacture of the cab structure, body joints, roof, pillars, and driver side structural support, which caused them to fail during the rollover in question;

   f. Negligently failing to test the cab structure, roof, and body joints in order to ensure that they would not fail during a rollover;

    g. Negligent failure to disclose post-sale information known about the dangers or defects associated with the restraint system, body joints, roof, pillars, and drive side structural support;

    h. Negligent concealment of the known dangers and defects associated with the cab structure, body joints, roof, pillars, and driver side structural support; ; and

    i. Such further negligent and careless acts and omissions as the evidence and discovery reveal.

24. As a direct and proximate result of Defendant's conduct, acts, and omissions, Plaintiff is entitled to recover all past and future damages for injuries sustained.

### IV. Count II – Breach Of Express and Implied Warranty

25. Plaintiff incorporates the above allegations as if fully set forth herein.

26. Defendant breached express warranties that all Mack trucks, including the Subject Vehicle, would be free from defects in both material and workmanship under normal use and service.

27. Defendant breached the implied warranty of merchantability. The implied warranty of merchantability requires that products be of reasonable workmanlike quality and free from defects. Defendant impliedly warranted that its trucks were of merchantable quality by placing them in the steam of commerce. Defendant breached the warranty of merchantability by designing, manufacturing, distributing, selling,

and refusing to adequately repair or replace its trucks after it became apparent that they were defective in their ability to be safe in rollovers and crash accidents.

28. At all times, Plaintiff relied on representations made by Defendant that their trucks are reliable and of a quality that rendered them suitable for their intended use, including in situations of rollovers and crash accidents. Plaintiff also relied on Defendant to produce trucks of merchantable quality as required by the implied warranty of merchantability.

29. Defendant breached its warranties to Plaintiff in that the defective design of its 2013 Mack 600 18-wheeler trucks renders then unusable for their intended purpose and Defendant refuses to properly repair or replace these defective items.

30. As a direct and proximate result of Defendant's conduct, acts, and omissions, Plaintiff is entitled to recover all past and future damages for injuries sustained.

## V.    COUNT III – STRICT LIABILITY

31. Plaintiff incorporates the above allegations as if fully set forth herein.

32. Defendant designed, fabricated, produced, compounded, proceeded, assembled, developed, manufactured, tested, distributed, sold, warranted, and placed on the market and into the stream of commerce a defective and unreasonably dangerous product, namely the 2013 Mack 600 18-wheeler truck, including the Subject Vehicle. Defendant knew or should have known that the Subject Vehicle would reach consumers without substantial change in the condition in which it was sold and that, at the time the Subject Vehicle left Defendant's control, it was defective and in an unreasonably dangerous condition.

33. Defendant knew or should have known that ultimate users, operators, and/or consumers would not be capable of detecting the aforementioned defects and dangerous conditions.

34. On January 24th, 2020, the Subject Vehicle was being used for the purpose for which it was reasonably and foreseeably intended and was involved in the Incident, which was likewise reasonably foreseeable to Defendant.

35. The Subject Vehicle was defective and unreasonably dangerous because it was not reasonably crashworthy. The defective nature of the Subject Vehicle included, but is not limited to the following:

   a. The structure of the Subject Vehicle, including the cab, roof, doors, and supporting pillars, was defective and unreasonably dangerous because it failed to protect the occupants in a foreseeable accident sequence such as a rollover event;

   b. The Subject Vehicle was defective and unreasonably dangerous because Defendant failed to design the Subject Vehicle's cab, roof, and supporting structure so as to minimize intrusion into the occupant compartment to reduce the probability of occupant injury in a foreseeable accident sequence;

   c. The Subject Vehicle was defective and unreasonably dangerous because it was designed and manufactured with defective driver side structural support;

  d. The Subject Vehicle was defective and unreasonably dangerous because the structure of the cab, roof, doors, and supporting pillars were composed of material of inadequate strength and resistance; and

  e. Such further defects as the evidence will reveal.

36. Defendant knowingly failed to adequately test the 2013 Mack 600 18-wheeler truck before and during design, production, and sale of the Subject Vehicle to the public and/or knowingly placed the dangerously designed vehicle into the stream of commerce.

37. Defendant also rendered the Subject Vehicle defective and unreasonably dangerous by failing to adequately warn consumers about the hazard of driving the vehicle with a defective and/or inadequately designed, tested, and manufactured structural system.

38. The defective and unreasonably dangerous condition of the Subject Vehicle was the direct and proximate cause of Plaintiff's extensive injuries.

39. At the time Defendant sold the Subject Vehicle, it knew of the defective condition of the Subject Vehicle.

40. The aforesaid misconduct of Defendant constituted a gross indifference and a willful, wanton, and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of additional damages for aggravating circumstances to be assessed against Defendant in a sum that will deter Defendant and others from such reprehensible conduct in the future.

## **DAMAGES**

41. As a result of Defendant's conduct, Plaintiff was severely injured and brings suit for the following damages:

      a. Past and future physical pain and mental anguish;

      b. Past and future physical impairment;

      c. Past and future medical expenses;

      d. Physical disfigurement;

      e. Past and future loss of earning capacity; and

      f. Any punitive damages

42. The amount of damages that would fairly and reasonably compensate Plaintiff for his injuries is to be properly determined by a jury after consideration of all of the evidence presented at trial.

## **PRAYER**

43. For the reasons stated above, Plaintiff Gilbert Lavon Swagger Jr. respectfully requests that Defendant Mack Trucks, Inc. be cited and commanded to appear and answer and that Plaintiff recover from Defendant all damages, prejudgment and post-judgment interest, Court costs, and all other relief to which Plaintiff is entitled.

                              Respectfully submitted,

                              **FOMBY & FOMBY LLC.**

                              __*/s/ Adam Fomby*_____
                              Adam W. Fomby
                              State Bar No. 24083006

440 Louisiana Street, Suite 900
Houston, Texas 77002
(281) 846-4229 Telephone
(888) 588-4925 Facsimile
adam@fombylaw.com
ATTORNEY FOR PETITIONER

**Borunda, P.C.**


_/s/ Jorge Borunda_
Jorge Borunda
State Bar No. 24027205
2444 Times Blvd. Suite 220
Houston, Texas 77005
(713) 574-7616 Telephone
jorge@borundapc.com
ATTORNEY FOR PETITIONER